

# NUMBER 13-10-00580-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE LUIS GARCIA,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                  Appellee.

### On appeal from the 148th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Vela
### Memorandum Opinion Per Curiam

Appellant, Jose Luis Garcia, attempted to perfect an appeal from a conviction for aggravated assault. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on September 3, 2010, a motion for new trial was filed on October 8, 2010, and notice of appeal was filed on October 8, 2010. On October 15, 2010, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be

dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not filed a response to this Court's notice.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3.

According to Texas Rules of Appellate Procedure 21.4, appellant had thirty days after the day sentence was imposed to file his motion for new trial. TEX. R. APP. P. 21.4. Because the thirtieth day fell on Sunday, appellant had until the following Monday, October 4, 2010 to file a motion for new trial. *See* TEX. R. APP. P. 4.1. The motion for new trial was untimely because it was filed on October 8, 2010. Therefore, his notice of appeal was due to have been filed within thirty days after the day sentence was imposed or suspended in open court. *See* TEX. R. APP. P. 26.2(a)(2). Appellant did not file a motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3 and did not file his notice of appeal until October 8, 2010.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the

2

appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (TEX. CRIM. APP. P. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (TEX. CRIM. APP. 1999).

The appeal is hereby DISMISSED FOR WANT OF JURISDICTION.


PER CURIAM


Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
16th day of December, 2010.